IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RICHARD C. SAGARA<br>and MARY C. SAGARA, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 220326R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE,<br>State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiffs appealed Defendant's Notice of Assessment imposing additional tax, interest, and penalties, dated October 20, 2021, for the 2018 tax year. A trial was held on October 31, 2022, in the courtroom of the Oregon Tax Court. Richard Sagara (Richard) appeared on behalf of Plaintiffs and testified on his own behalf.[1] Mary Sagara (Mary) testified on behalf of Plaintiffs. Auditors, Phuong Ngo and Kelly Young, appeared on behalf of Defendant. Phuong Ngo (Ngo) testified on behalf of Defendant. Plaintiffs' exhibits 1 to 104 and Defendant's exhibits A to G were admitted into evidence without objection. Plaintiffs filed written closing arguments and personally effectuated service on Defendant at the conclusion of trial on October 31, 2022. Defendant filed written closing arguments on November 22, 2022.

## I. STATEMENT OF FACTS

Richard is a self-employed sales representative for a number of companies primarily operating in the fly-fishing industry. His business requires frequent traveling throughout his sales territory, covering eight states: Oregon, Washington, Idaho, Montana, Wyoming, North

---

[1] The court customarily refers to parties by their last names. However, because Plaintiffs have the same last name, they will be identified using their first names.

Dakota, Minnesota, and Alaska. Plaintiffs own three vehicles, a 1994 Chevrolet Silverado (Chevrolet), 2015 Mazda CX-5 (Mazda), and 2018 Honda Ridgeline (Honda). When traveling for business purposes, Richard primarily uses the Honda, reserving the Chevrolet for longer trips or larger cargo, such as a sales booth. Mary drives the Mazda as her primary vehicle and frequently uses it to commute to her job as a substitute teacher. On some occasions, Richard uses the Mazda rather than the Honda for business purposes because it is more fuel efficient.

Richard testified that he documented his business mileage in two ways. First, he would write various notes in his planner (*e.g.*, the odometer reading before a vehicle trip, beginning and ending odometer readings for what he considered to be long trips, which car he used, a notation of "P" indicating that he went to the post office, a notation of "B" indicating that he went to the bank, who he had appointments with, and sometimes he would write his destination). (*See* Ex F.) He conceded at trial that he erred by periodically switching between use of MapQuest and the car's odometer, because it resulted in discrepancies. He testified that he typically entered information in his planner before leaving for a trip or at the end of the day. Second, he maintained what he refers to as his "travel envelopes." On the envelopes, he wrote the odometer mileage logged for the travel. Inside the envelopes, he inserted receipts for hotels, motels, meals, gasoline, and other expenses. However, he testified that he generally only maintained his travel envelopes for "extended trips," and only occasionally for shorter trips. He did not submit his travel envelopes or their contents as evidence at trial.

On their 2018 tax return, Plaintiffs used the standard mileage rate method to calculate their deduction for the Chevrolet and the Mazda, claiming 29,541 and 803 miles for each, respectively, resulting in 30,344 miles total and a deduction of $16,537.[2] (Compl at 4-5.)

---

[2] According to Defendant's Notice of Deficiency, Plaintiffs mistakenly reported 29,541 total miles on their return, rather than the intended 30,344. (Compl at 4.) However, Richard testified that his accountant mistakenly

Plaintiffs used the actual expense method for the Honda and claimed a deduction of $7,883. (*Id*.) In addition, Plaintiffs elected to expense and deduct the cost of their Honda under Internal Revenue Code (IRC) section 179.

Defendant adjusted Plaintiffs' return, denying the mileage deductions and IRC section 179 deduction claimed due to lack of supporting documentation. (Compl at 3-5.) Defendant argues specifically that Plaintiffs' mileage deductions should be denied because they are not supported by a contemporaneous mileage log. (*Id*. at 4-5.) Defendant also argues Plaintiffs' deduction under IRC section 179 should be denied because Plaintiffs have not provided a contemporaneous mileage log to show that the Honda was used predominately for business purposes. (*Id*. at 5.) As a result of the denied deductions, Plaintiffs' self-employment tax deduction increased, and Defendant imposed a substantial understatement penalty.

Plaintiffs argue sufficient documentation was provided to substantiate their original mileage and section 179 claims, and that penalties should not be imposed. In support of their claims, Plaintiffs provided the court with scans of various receipts, business cards, daily Google Timeline summaries (daily maps showing estimated locations Richard visited and his estimated mileage), monthly Google timeline summaries (maps showing dots over general areas that Richard visited), cell phone records showing the origination and destination of calls, various photos, emails, and Richard's self-created mileage summaries, in which he lists total miles traveled on a given day, which car he used, general locations that he visited rather than specific addresses, sometimes listing the city he departed from, and sometimes listing a business purpose. (*See* Exs 5, 6.) Defendant testified that Plaintiffs' evidence is inconsistent, often containing discrepancies or conflicting data.

---

typed an extra digit for the Chevrolet, claiming 29,541 miles, rather than the intended 2,954.

## II. ANALYSIS

The issues are whether Plaintiffs are entitled to deductions for mileage under IRC section 162 and for the cost of their Honda under IRC section 179.  Federal tax provisions apply to this state tax case because, subject to modifications not pertinent here, Oregon defines taxable income by reference to the federal tax code.  *See* ORS 316.022(6); *see also* ORS 316.048.[3]  Because Plaintiffs seek affirmative relief, they bear the burden of proof by a preponderance of the evidence.  *See* ORS 305.427.  A preponderance of the evidence means "the greater weight of evidence, the more convincing evidence."  *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971).

A.  *Mileage Deductions*

The issue is whether Plaintiffs satisfied the heightened substantiation standards imposed by IRC section 274(d) to claim a deduction for mileage under IRC section 162.  Ordinary and necessary business expenses are generally deductible under IRC section 162(a).  However, traveling expenses, including expenses for vehicle use, are subject to the strict substantiation rules of IRC section 274(d).[4]  IRC section 274(d) provides that no deduction shall be allowed unless the taxpayer substantiates the (A) amount, (B) time and place of the travel, and (C) business purpose of each use "by adequate records or by sufficient evidence corroborating the taxpayer's own statement."  *See also* Treas Reg § 1.274–5T(b)(6).  Although a contemporaneous log is not required, "a record of the elements of an expenditure or of a business use of listed property made at or near the time of the expenditure or use" is treated with a high degree of credibility.  Treas Reg § 1.274–5T(c)(1).  To satisfy the "adequate records" standard, a taxpayer

---

[3] References to the Oregon Revised Statutes (ORS) are to the 2017 edition.

[4] Generally, the court is permitted to make a reasonable estimation of a deduction for business expense where a taxpayer is unable to substantiate the precise amount.  *See Cohan v. Comm'r*, 39 F2d 540, 543-44 (2d Cir 1930).  However, IRC section 274(d) supersedes the *Cohan* rule.  *See* Treas Reg § 1.274–5T(a)(4).

is responsible for maintaining "an account book, diary, log, statement of expense, trip sheets, or similar record, * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure or use * * *." Treas Reg § 1.274-5T(c)(2)(i). If a taxpayer cannot satisfy the adequate records standard, he "may substantiate the elements by other 'sufficient evidence'—generally a combination of the taxpayer's detailed statement and other corroborative evidence for each element." *Okon v. Dept. of Rev.*, TC-MD 220022G, WL 2495607 at *2 (Or Tax M Div Mar 14, 2023) citing Treas Reg § 1.274-5T(c)(3)(i).

In the present case, Plaintiffs rely upon scans of Richard's planner, among other evidence. Although the planner was "made at or near the time of the expenditure or use[,]" in many instances, its data is contradicted, rather than supported, by other documentary evidence Plaintiffs presented. *See* Treas Reg § 1.274-5T(c)(2)(ii). Further, Plaintiffs' documentation typically fails to identify starting and ending locations of vehicle trips with any specificity, rather, listing general areas. The court is persuaded by Richard's testimony and the numerous sources of evidence Plaintiffs presented that Plaintiffs regularly used their vehicles for business purposes; however, the court cannot accurately discern Plaintiffs' exact mileage from data containing inconsistencies and lacking specificity. Thus, Plaintiffs' evidence does not meet the adequate records standard. Nor is Plaintiffs' testimony and evidence sufficient to substantiate the elements required. *See* Treas Reg § 1.274-5T(b)(6). Because Plaintiffs' evidence is insufficient to meet the adequate records standard or to substantiate the required elements, their mileage deductions must be disallowed. *See* IRC § 274(d).

B.      *Section 179 Deduction*

The issue is whether Plaintiffs are entitled to claim a deduction for the cost of their Honda under IRC section 179. IRC section 179 allows a taxpayer to elect to immediately

expense, as a deduction, the cost of any section 179 property for the taxable year in which the property is placed in service. IRC § 179(a). Section 179 property is defined as any property acquired by purchase for use in a trade or business. IRC § 179(d)(1)(C). If the property is used for both business and personal purposes, then the portion of the costs attributable to its business purpose is deductible under section 179, but only if the predominant use test is met. *See* Treas Reg 1.179-1(d); *see also Benavides & Co., P.C. v. Comm'r*, 118 TCM (CCH) 221, WL 4257012 at *9 (US Tax Ct 2019). The predominant use test is satisfied if 50 percent or more of the property's use is for business purposes during any taxable year within the recapture period. *See* Treas Reg 1.179-1(e)(2). In addition to satisfying the predominant use test, to deduct expenses related to "listed property," a taxpayer must meet the heightened substantiation requirements imposed by IRC section 274(d). Treas Reg 1.274-5T(a)(4). Passenger automobiles are included in the definition of "listed property." IRC § 280F(d)(4)(A)(i), (ii).

Because Plaintiffs' Honda is a passenger automobile, it is listed property and deducting expenses related to it, which Plaintiffs attempted to do under IRC section 179, requires meeting the heightened substantiation burden imposed by section 274(d). Plaintiffs did not satisfy this standard, as previously discussed, and thus their section 179 deduction is disallowed.

III.  CONCLUSION

After careful consideration, the court finds that Plaintiffs failed to substantiate their deductions for mileage and the cost of their Honda under IRC section 274(d). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' deductions for mileage are disallowed.

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiffs' deduction for under IRC section 179 is disallowed.

Dated this _____ day of April 2023.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on April 26, 2023.*